UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION
CASE NO.: _____

NICOLAS MOCOMBE,

    Plaintiff,
v.

DUTTON LAW GROUP, PA and
DEBRA ROMANO, individually,

    Defendants.
_____

## COMPLAINT

COMES NOW, Plaintiff, NICOLAS MOCOMBE ("MOCOMBE"), and files this Complaint against Defendants, DUTTON LAW GROUP, PA ("DLG"), a Florida profit corporation, and DEBRA ROMANO ("ROMANO"), an individual, and alleges:

## JURISDICTION & VENUE

1. This is an action for violation of the anti-retaliation provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and under Florida Private-Sector Whistleblowers Act, Fla. Stat. § 448.01 et seq. ("Whistleblowers Act")

2. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and supplemental 28 U.S.C. §1365.

3. At all times material hereto, MOCOMBE was an "employee" of DLG under the FLSA and a resident of Broward County, Florida.

1

4.     DLG is a Florida corporation which, at all times material, conducted substantial and continuous business in Broward County, Florida and was an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

5.     ROMANO is the Firm Administrator who oversaw the Broward office, among others.

6.     Defendants are subject to the jurisdiction of this United States District Court due to their engagement in substantial and not isolated activity within this judicial district and because they operate, conduct, engage and/or carry on business in this judicial district.

7.     Venue is appropriate because the unlawful employment practices committed in violation of the FLSA were done in the Southern District of Florida.

## GENERAL ALLEGATIONS

8.     MOCOMBE worked for DLG as a paralegal.

9.     DLG is an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

10.    At all times material hereto, ROMANO was DLG's Firm Administrator, ran the day-to-day operations of DLG and was responsible for paying MOCOMBE's wages.

11.    At all relevant times, ROMANO was directly involved in the decision affecting MOCOMBE's compensation for hours worked at DLG.

12.    During the relevant period of time, MOCOMBE was paid wages of $21.00 an hour.

13. MOCOMBE was a non-exempt employee of DLG who was subject to payroll practices and procedures described herein and who worked in excess of forty hours during one or more workweeks within three (3) years of filing this Complaint.

14. DLG and ROMANO were fully aware MOCOMBE worked in excess of 40 hours.

15. DLG and ROMANO willfully refused to pay MOCOMBE the overtime rate of one and one-half for hours worked in excess of 40 hours per workweek.

16. MOCOMBE objected to DLG's and ROMANO's refusal to pay him overtime wages, including objections made by email on May 9, 2016 and June 2, 2016 and fully referenced as though fully stated herein. See Composite Exhibit "A".

17. On June 2, 2016 right after he emailed ROMANO and demanded he be paid his overtime compensation in compliance with the law, DLG and ROMANO terminated MOCOMBE.

18. On June 3, 2016, MOCOMBE advised ROMANO that he had an attorney.

19. Thereafter, on June 4, 2016, DLG and/or ROMANO paid him the overtime wages owed.

20. MOCOMBE has complied with all conditions precedent to bringing this lawsuit or they have been waived.

## COUNT I
## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT AGAINST DLG

21. MOCOMBE repeats and realleges allegations 1 through 20, as though fully stated herein.

22. MOCOMBE seeks to hold DLG liable for violations of the anti-retaliation provisions of the Fair Labor Standards Act.

23. It is it unlawful for a business covered by the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

24. At all relevant times, MOCOMBE was engaged in activity protected under the FLSA in that he complained to the DLG about DLG's failure to pay him overtime compensation.

25. DLG refused to pay MOCOMBE his overtime wages until after DLG fired him in retaliation for asserting his rights under the FLSA.

26. Thereafter, MOCOMBE suffered adverse actions by DLG, which were causally connected to his engagement in protected activity, including but not limited to his emails of May 9, 2016 and June 2, 2016.

27. By reason of the intentional, willful, reckless and unlawful disregard of the FLSA by DLG, MOCOMBE has suffered damages.

28. DLG's claimed basis for the adverse job actions taken against MOCOMBE are pretextual.

29. MOCOMBE has retained the undersigned law firm and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff, NICOLAS MOCOMBE, respectfully requests that this Court grant judgment in his favor and against Defendant, DUTTON LAW GROUP, PA and DEBRA ROMANO and award damages under 29 USC § 216, including but not limited to reinstatement, backpay, frontpay, compensatory damages, liquidated damages and/or punitive damages, costs and expenses, attorneys' fees and such other further relief that this Court deems just and equitable.

## COUNT II
## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT AGAINST ROMANO

30. MOCOMBE repeats and realleges allegations 1 through 20, as though fully stated herein.

31. It is it unlawful for a business covered by the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

32. At all relevant times, MOCOMBE was engaged in activity protected under the Act in that he complained to ROMANO about DLG's failure to pay him overtime compensation.

33.  ROMANO failed to pay MOCOMBE overtime wages until after DLG and ROMANO fired MOCOMBE due to his complaints of the FLSA violation, and after MOCOMBE advised ROMANO he had retained an attorney.

34.  Thereafter, MOCOMBE suffered adverse actions by ROMANO, which were causally connected to his engagement in protected activity.

35.  ROMANO's reason for the adverse job actions taken against MOCOMBE are pretextual.

36.  By reason of the intentional, willful, reckless and unlawful disregard of the FLSA by ROMANO, MOCOMBE has suffered damages.

37.  MOCOMBE has retained the undersigned law firm and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff, NICOLAS MOCOMBE, respectfully requests that this Court grant judgment in his favor and against Defendant, DEBRA ROMANO, and award damages under 29 USC § 216, including but not limited to reinstatement, backpay, frontpay, compensatory damages, liquidated damages and/or punitive damages, costs and expenses, attorneys' fees and such other further relief that this Court deems just and equitable.

### COUNT III
### VIOLATION OF THE PRIVATE-SECTOR WHISTLEBLOWERS' ACT AGAINST DLG

38.  MOCOMBE repeats and realleges allegations 1 through 20, as though fully stated herein.

39.  DLG violated the FLSA by failing to pay MOCOMBE overtime wages.

40. Pursuant to the Whistleblowers Act, Fla. Stat. § 448.101, et seq., MOCOMBE objected to and opposed DLG's failure to pay him overtime compensation in violation of the FLSA by complaining to representatives of DLG.

41. Additionally, pursuant to the Whistleblowers Act, Fla. Stat. § 448.101, et seq., MOCOMBE protested to DLG's failure to pay him overtime compensation in violation of the FLSA.

42. At all relevant times, MOCOMBE was engaged in activity protected under the Whistleblowers' Act in that he complained about and opposed DLG's failure to pay him overtime compensation in violation of the FLSA.

43. Thereafter, MOCOMBE suffered adverse actions by DLG, which were causally connected to his engagement in protected activity.

44. By reason of the intentional, willful, reckless and unlawful disregard of the Whistleblowers Act by DLG, MOCOMBE has suffered damages.

45. MOCOMBE has retained the undersigned law firm and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.104.

WHEREFORE, Plaintiff, NICOLAS MOCOMBE, respectfully requests that this Court grant judgment in his favor and against Defendant, DUTTON LAW GROUP, PA and DEBRA ROMANO, and award damages, including but not limited to reinstatement, backpay, frontpay, compensatory damages, punitive damages, costs and expenses, attorneys' fees and such other further relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 30th of June, 2016.

>	*/s/ Gina Cadogan*
>	GINA MARIE CADOGAN
>	Fla. Bar. 177350
>	CADOGAN LAW
>	300 S. Pine Island Road, Suite 107
>	Plantation, Florida 33324
>	Tel: 954.606.5891
>	Facsimile: 877.464.7316
>	Email: gina@cadoganlaw.com